1  Laura A. Wytsma (Cal. Bar No. 189527)
   lwytsma@loeb.com
2  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
3  Los Angeles, California 90067
   Telephone:    (310) 282-2000
4  Facsimile:    (310) 282-2200

5  Attorneys for Defendant and Counterclaimant
   HILLERICH & BRADSBY CO.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  MARK L. MCHUGH, an individual,              Case No.  C 07-03677 EDL

13         Plaintiff,                            Assigned to Hon. Elizabeth D. Laporte

14      v.

15  HILLERICH & BRADSBY COMPANY.,               ANSWER AND COUNTERCLAIM OF
    a private company,                          DEFENDANT HILLERICH & BRADSBY
16                                              CO. TO PLAINTIFF'S COMPLAINT
           Defendant.                           FOR PATENT INFRINGEMENT
17

18                                              JURY TRIAL DEMANDED

19  HILLERICH & BRADSBY CO. d/b/a
    Louisville Slugger, a Kentucky corporation,
20
           Counterclaimant,
21
        v.
22

23  MARK L. MCHUGH, an individual,

24         Counterclaim-Defendant.

25

26

27

28

Loeb & Loeb
rmited Liability Partnership
Including Professional
Corporations

1    Defendant Hillerich & Bradsby Co. d/b/a Louisville Slugger, ("Hillerich"),

2 erroneously sued as Hillerich & Bradsby Company, answers the Complaint for Patent

3 Infringement ("Complaint") filed by plaintiff Mark L. McHugh ("Plaintiff") as follows:

**INTRODUCTION**

4

5    1.    Hillerich admits that Plaintiff seeks damages for purported infringement of

6 U.S. Patent No. 5,806,091 ("the '091 patent"). Hillerich further admits that Plaintiff

7 purports to be the inventor of the '091 patent and that Mark Lawrence McHugh is named

8 as the inventor on the face of the '091 patent. Hillerich further admits that an incomplete

9 copy of the '091 patent is attached to the Complaint as Exhibit A.

10    2.    Hillerich admits that it is a distributor of certain products, including the

11 Bionic Gloves Series. Hillerich denies that any of its products embody the claimed

12 technology of the '091 patent and further denies that it is infringing the '091 patent.

**JURISDICTION AND VENUE**

13

14    3.    Hillerich admits that the Complaint purports to be an action for patent

15 infringement, but denies any wrongdoing or liability. Hillerich admits that this Court has

16 subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17    4.    Hillerich admits that it does business in this judicial district. Hillerich

18 denies each and every remaining allegation in Paragraph 4.

19    5.    The allegation in Paragraph 5 is a conclusion of law requiring no response.

20 To the extent a response is required, Hillerich denies the allegation.

**INTRA-DISTRICT ASSIGNMENT**

21

22    6.    Hillerich admits that Civil L.R. 3-2(c) permits assignment of Intellectual

23 Property Actions on a district-wide basis.

**THE PARTIES**

24

25    7.    Hillerich lacks information or knowledge sufficient to form a belief as to

26 the truth of the allegations in Paragraph 7.

27    8.    Hillerich admits that Hillerich & Bradsby Co. d/b/a Louisville Slugger is a

28 company with a principal place of business in Louisville, Kentucky. Hillerich further

1  admits that it designs, imports, sells and/or offers for sale products, including the Bionic

2  Glove Series.

### GENERAL ALLEGATIONS

4      9.    Hillerich admits that Mark Lawrence McHugh is the named inventor of the

5  '091 patent, issued on September 15, 1998, entitled "Hand Grip Aid." Hillerich lacks

6  information or knowledge sufficient to form a belief as to the truth of the remaining

7  allegations in Paragraph 9 and, on that basis, denies those allegations.

8      10.    The '091 patent speaks for itself and inconsistent characterizations thereof

9  are denied.

10      11.    Hillerich denies each and every allegation in Paragraph 11.

### CLAIM FOR RELIEF

### (Alleged Infringement of the '091' Patent)

13      12.    Hillerich realleges and incorporates by reference its answers, denials and

14  averments to Paragraphs 1 through 11 as though fully set forth herein.

15      13.    Hillerich denies each and every allegation in Paragraph 13.

16      14.    Hillerich denies each and every allegation in Paragraph 14.

17      15.    Hillerich denies each and every allegation in Paragraph 15.

18      16.    Hillerich denies each and every allegation in Paragraph 16.

19      17.    Hillerich denies each and every allegation in Paragraph 17.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

21      18.    Hillerich denies that Plaintiff is entitled to the relief requested in

22  Paragraphs A through F, or any relief whatsoever based on the allegations in the

23  Complaint.

### AFFIRMATIVE DEFENSES

25  As for its affirmative defenses, Hillerich alleges as follows:

26

27

28

1

## FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Claim)

3       19.    The Complaint fails to state a claim against Hillerich upon which any relief

4  can be granted.

5

## SECOND AFFIRMATIVE DEFENSE

6

### (Noninfringement)

7       20.    Hillerich has not and does not directly, indirectly, contributorily and/or by

8  inducement infringe any valid and enforceable claim of the '091 patent, either literally or

9  under the doctrine of equivalents.

10

## THIRD AFFIRMATIVE DEFENSE

11

### (Invalidity and/or Unenforceability)

12       21.    Plaintiff's claim for relief and prayer for damages are barred, in whole or in

13  part, because the '091 patent is invalid and/or unenforceable for failure to meet the

14  conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

15

## FOURTH AFFIRMATIVE DEFENSE

16

### (Laches)

17       22.    The Complaint is barred by the doctrine of laches.

18

## FIFTH AFFIRMATIVE DEFENSE

19

### (Innocent Intent)

20       23.    Hillerich has not willfully infringed and is not willfully infringing any valid

21  and enforceable claim of the '091 patent, thereby precluding Plaintiff from recovering

22  trebled damages, attorneys' fees and/or costs under 35 U.S.C. §§ 284 or 285.

23

24       WHEREFORE, Hillerich asks the Court to enter judgment in its favor and grant the

25  following relief:

26           1.    Dismissing with prejudice the entirety of the Complaint;

27           2.    Denying all remedies and relief sought in the Complaint;

28

3.    Awarding Hillerich its costs, attorneys' fees and expenses incurred herein; and

4.    Granting such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Hillerich requests a trial by jury in this matter.

Dated: October 10, 2007                    LOEB & LOEB LLP


By_____ */s/ Laura A. Wytsma*_____
Laura A. Wytsma
Attorneys for Defendant
HILLERICH & BRADSBY CO.

Loeb & Loeb
A Limited Liability Partnership

ANSWER AND COUNTERCLAIM
Case No. C 07-03677 EDL

1

## COUNTERCLAIM

2　　　　Counterclaimant Hillerich & Bradsby Co. d/b/a Louisville Slugger ("Hillerich"), for

3　its counterclaim against counterclaim-defendant Mark L. McHugh ("McHugh), alleges as

4　follows:

5

## PARTIES

6　　　　1.　　　Hillerich is a Kentucky corporation having a principal place of business at

7　800 West Main Street, Louisville, Kentucky 40202.

8　　　　2.　　　Hillerich is informed and believes that McHugh is an individual residing in

9　the State of California.

10

## JURISDICTION AND VENUE

11　　　　3.　　　The Court has subject matter jurisdiction over Hillerich's counterclaim

12　pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13　　　　4.　　　This Court has personal jurisdiction over McHugh because, on information

14　and belief, he resides in this judicial district.  Additionally, McHugh consented to the

15　jurisdiction of this Court by filing its claim for patent infringement in this Court.

16　　　　5.　　　Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and

17　1400.  Venue is also proper in this Court because McHugh consented to this venue by

18　filing its claims for patent infringement in this Court.  Further, McHugh is a resident of

19　California.

20

## FIRST CLAIM FOR RELIEF

21

### (Declaratory Judgment of Noninfringement)

22　　　　6.　　　Hillerich reallages and incorporates by reference Paragraphs 1 through 5

23　above as though forth set forth herein.

24　　　　7.　　　McHugh purports to be the inventor and owner of U.S. Patent No. 5,806,091

25　("the '091 patent"), entitled "Hand Grip Aid," issued by the United States Patent and

26　Trademark Office on September 15, 1998.

27　　　　8.　　　McHugh filed suit against Hillerich in this Court alleging in his Complaint

28　that Hillerich has infringed one or more claims of the '091 patent.

9.    Hillerich has not and does not directly, indirectly, contributorily and/or by inducement infringe any valid and enforceable claim of the '091 patent, either literally or under the doctrine of equivalents.

10.    An actual and justiciable controversy exists between Hillerich and McHugh regarding the alleged infringement of the '091 patent.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity and/or Unenforceability)

11.    Hillerich reallages and incorporates by reference Paragraphs 1 through 10 above as though forth set forth herein.

12.    The claims of the '091 patent are invalid and/or unenforceable for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

13.    An actual and justiciable controversy exists between Hillerich and McHugh regarding the invalidity and/or unenforceability of the '091 patent.

14.    Hillerich is entitled to a declaratory judgment that the claims of the '091 patent are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Hillerich asks this Court to enter judgment in its favor against McHugh and grant the following relief:

A.    Dismissing with prejudice the Complaint in its entirety.

B.    Denying all remedies and relief sought by McHugh in this Complaint.

C.    Declaring that Hillerich has not infringed, and is not infringing, any valid and enforceable claim of the '091 patent, either directly or indirectly, literally or under the doctrine of equivalents, neither has Hillerich contributed to, nor induced infringement thereof.

D.    Declaring that the claims of the '091 patent suit are invalid, unenforceable, and void in law.

Loeb & Loeb
A Limited Liability Partnership
Including Professional

7

ANSWER AND COUNTERCLAIM
Case No. C 07-03677 EDL

E.    Finding this to be an exceptional case and awarding Hillerich its costs, attorneys' fees, and expenses pursuant to 35 U.S.C. § 285.

F.    Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Hillerich demands a trial by jury on all issues triable of right by a jury.

Dated: October 10, 2007                          LOEB & LOEB LLP


                                                 By _____
                                                      */s/ Laura A. Wytsma*
                                                       Laura A. Wytsma

                                                 Attorneys for Defendant
                                                 HILLERICH & BRADSBY CO.