| | |
|---|---|
| 1 | ROBERT J. YORIO (SBN 93178) |
| | ryorio@carrferrell.com |
| 2 | V. RANDALL GARD (SBN 151677) |
| | rgard@carrferrell.com |
| 3 | CHRISTOPHER P. GREWE (SBN 245938) |
| | cgrewe@carrferrell.com |
| 4 | CARR & FERRELL LLP |
| | 2200 Geng Road |
| 5 | Palo Alto, California 94303 |
| | Telephone: (650) 812-3400 |
| 6 | Facsimile: (650) 812-3444 |
| 7 | |
| | *Attorneys for Plaintiff* |
| 8 | MARK L. MCHUGH |
| 9 | |
| 10 | LAURA A. WYTSMA (SBN 189527) |
| | lwytsma@loeb.com |
| 11 | ULESES C. HENDERSON, JR (SBN 225246) |
| | uhenderson@loeb.com |
| 12 | LOEB & LOEB LLP |
| | 10100 Santa Monica Boulevard, Suite 2200 |
| 13 | Los Angeles, California 90067-4120 |
| | Telephone:   (310) 282-2000 |
| 14 | Facsimile:    (310) 282-2200 |
| 15 | *Attorneys for Defendant* |
| | HILLERICH & BRADSBY CO. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK L. MCHUGH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HILLERICH & BRADSBY CO., a private company,<br><br>Defendant. | **CASE NO. C 07-03677 JSW**<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:         January 18, 2008<br>Time:        1:30 p.m.<br>Judge:      Hon. Jeffrey S. White<br>                   Courtroom 2, 17th Floor |
| AND RELATED COUNTERCLAIMS. | |

-1-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

Plaintiff/Counterclaim Defendant Mark L. McHugh ("Plaintiff" or "McHugh") and Defendant/Counterclaimant Hillerich & Bradsby Co. ("Defendant" or "H&B") jointly submit this Joint Case Management Statement pursuant to Judge White's Case Management Conference Order signed on October 15, 2007 and, further, pursuant to Civil L.R. 16-9 and FRCP 16 and 26(f). Plaintiff and Defendant are collectively referred to herein as the "Parties." The Parties request that the Court adopt the proposed schedule and procedures for discovery set forth herein as the Case Management Order in this case.

## 1. JURISDICTION AND SERVICE

Plaintiff initiated this action by filing a Complaint on July 17, 2007 alleging that Defendant's manufacture, importation, distribution, offer for sale, sale and use of certain products, including the Bionic Glove Series, infringe Plaintiff's U.S. Patent No. 5,806,091 (the "'091 Patent"). This Court has subject matter jurisdiction over the patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Defendant waived service of summons on August 29, 2007. By its Answer and Counterclaims filed on October 10, 2007, Defendant denied all of Plaintiff's claims, raised various affirmative defenses and asserted counterclaims seeking the following two (2) declarations under the Declaratory Judgment Acts, 28 U.S.C. §§ 2201, 2202: (1) declaration of no infringement; and (2) declaration of patent invalidity and unenforceability. This Court has subject matter jurisdiction over Defendant's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

No parties remain to be served and there are no issues as to venue or personal jurisdiction at this time.

## 2. FACTS

*Plaintiff Mark L. McHugh*

Mark L. McHugh is an individual residing in the State of California. Mr. McHugh is the sole inventor named on the '091 Patent and claims to be the present owner of the entire right, title and interest in the '091 Patent.

///
///

*Defendant H&B*

H&B is a company with a principal place of business in Louisville, Kentucky. H&B d/b/a Louisville Slugger designs, manufactures, distributes, imports, sells and/or offers for sale products, including its patented Bionic Glove Series, in the United States.

*Brief Chronology of the Facts*

Plaintiff Mark L. McHugh filed a patent application on November 14, 1996, disclosing, *inter alia*, a hand grip aid to be worn on a user's hand to prevent hand damage and discomfort while still providing a good tactile feel and a strong grip when a person uses equipment that has a handle. The '091 Patent describes, in part, a glove with thin pockets to contain the hand grip aid during use. The aforementioned patent application issued as the presently asserted '091 Patent on September 15, 1998.

Defendant H&B is a distributor of certain products, including its patented Bionic Glove Series, in the United States.

*Principal Factual Issues in Dispute*

The principal factual disputes at issue concern the facts necessary for finding: (1) whether H&B has infringed, and continues to infringe the '091 Patent, directly, contributorily, or by inducement; (2) whether any such infringement was willful; (3) whether the '091 Patent is invalid or unenforceable; and (4) the amount of McHugh's damages for any infringement. Other factual disputes may arise in the course of litigation, and the Parties fully reserve their rights to address the same.

3. **LEGAL ISSUES**

The Parties expect the following legal issues to be in dispute during the course of the present litigation:

 a. The proper claim construction to be given to the asserted claims of the '091 Patent as required by *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996);

 b. Whether and to what extent Defendant directly infringes, contributorily infringes and/or infringes by inducement the asserted claims of the '091 Patent under 35 U.S.C. § 271;

      c.      Whether the asserted claims of the '091 Patent are invalid or unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112;

      d.      Whether Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284; and

      e.      Whether this case is exceptional, and if so, whether or not Plaintiff or Defendant is entitled to their costs and attorneys fees under 35 U.S.C. § 285.

Other disputed legal issues may arise in the course of litigation, but no other principal legal issues have been identified at this time.

**4.    MOTIONS**

There are no pending motions at this time. The anticipated motions include briefing on the proper construction of asserted claims of the '091 Patent. Both Parties expect to file summary judgment motions before trial. These motions may be dependent upon the evidence obtained during discovery and the results of the Markman hearing.

**5.    AMENDMENT OF PLEADINGS**

As of the date of the present Joint Case Management Statement, the Parties do not expect to add or dismiss any parties, claims, or defenses. During the course of discovery, however, Plaintiff and/or Defendant may find it necessary to add additional parties and/or add or withdraw certain causes of action and/or defenses. As such, the Parties reserve the right to amend the pleadings as permitted under Rule 15, Fed. R. Civ. P.

**6.    EVIDENCE PRESERVATION**

Prior to filing this lawsuit, the Parties took steps to preserve evidence, including electronically-recorded material, relevant to the issues reasonably evident in this action.

**7.    DISCLOSURES**

The Parties have not yet made any disclosures. The Parties will complete their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by January 28, 2008.

**8.    DISCOVERY**

Plaintiff has served one set of Requests for Production of Documents to Defendant. No formal discovery to date has been conducted by Defendant.

///

*Discovery Plan - Limitations on Discovery*

For each of the following discovery tools, the Parties submit that the Federal Rules of Civil Procedure should govern the per-party or per-side limitations, subject to later modification by stipulation or court order on an appropriate showing, as follows:

| Discovery Device | Plaintiff's Joint Proposal |
|---|---|
| Depositions, including third parties but excluding experts | 10 depositions per side (total of seventy (70) hours) |
| Limits on number of depositions under Fed. R. Civ. P. 30(a)(2)(A)(ii) | McHugh may be deposed twice, once during the Markman discovery phase and once during the fact discovery phase. The depositions will count towards Defendant's deposition limit and shall not exceed 14 hours, collectively. |
| Interrogatories | 30 interrogatories per side |
| Requests for Admission | Fed. R. Civ. P. 36 allowance of unlimited requests should apply |
| Document Requests | Fed. R. Civ. P. 34 allowance of unlimited requests should apply |

*Discovery Plan – Protective Order*

The Parties anticipate submitting a proposed protective order governing the disclosure and use of confidential and/or attorneys' eyes only information, and will stipulate to the exchange of privilege logs.

*Discovery Plan – Electronically Stored Information*

The Parties agree that electronic documents will be exchanged in a reasonably usable format. Both Plaintiff and Defendant propose that electronically stored information ("ESI") be exchanged primarily in hardcopy or in PDF, unless specific requests for production in a searchable format are made.

If ESI is requested in searchable format, the Parties agree that data integrity for the underlying native files for ESI produced in discovery shall be preserved by performing a routine copy of the files and using reasonable measures to prevent the files from being modified at the time or thereafter.

The costs of document production will be borne by the Parties in accordance with Fed. R. Civ. P. 26, unless otherwise ordered by the Court.

## 9. CLASS ACTIONS

Not applicable.

## 10. RELATED CASES

There are no related cases or proceedings pending before another judge of this Court or before any other court.

## 11. RELIEF

Plaintiff seeks damages and injunctive relief based on Defendant's alleged infringement of the '091 Patent. Plaintiff also seeks to recover increased damages and attorney fees based on Defendant's alleged willful infringement in violation of 28 U.S.C. §§ 284, 285.

Defendant seeks judgment (1) declaring that Defendant has not and is not directly infringing, contributorily infringing, or infringing by inducement any asserted claim of the '091 Patent, and (2) declaring the '091 Patent invalid or unenforceable. Defendant also seeks to recover its costs and attorney fees upon finding this case exceptional under 28 U.S.C. § 285.

## 12. SETTLEMENT AND ADR

Informal settlement discussions have taken place. The Parties have agreed that an Early Settlement Conference before either Magistrate Judge Laporte or Magistrate Judge Brazil prior to the issuance of a claim construction ruling of certain claim terms in the asserted claims of the '091 Patent will serve the interest of the Parties at the present time. The Parties believe that this settlement conference should, if possible, occur within 60 days after the Case Management Conference, or by March 18, 2008. The Parties have filed their ADR Certification, pursuant to Civil L.R. 16-8(b), and their Notice for Need for ADR Phone Conference, pursuant to Civil. L.R. 16-8(c).

## 13. CONSENT TO MAGISTRATE JUDGE

Defendant declined to proceed before a Magistrate Judge of this Court on October 10, 2007, and this case was re-assigned on October 12, 2007 to the Honorable Jeffrey S. White.

### 14. OTHER REFERENCES

This case is not appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF THE ISSUES

At this stage, the Parties do not have any suggestions for narrowing the issues in the case.

### 16. EXPEDITED SCHEDULE

The Parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

### 17. SCHEDULING

The Parties submit that this case should proceed with formal discovery and generally comply with the following dates for the disclosures mandated by the Civil Local Rules and Patent Local Rules regarding infringement and invalidity contentions, and claim construction proceedings. Pursuant to the Patent Local Rules, the Parties propose the following schedule for the claim construction process:

| Event | Date |
|---|---|
| Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions and Produce Related Documents (Patent L.R. 3-1 and 3-2) | February 4, 2008 |
| Defendant's Preliminary Invalidity Contentions and Produce Related Documents (Patent L.R. 3-3 and 3-4) | March 20, 2008 |
| Simultaneous Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | April 3, 2008 |
| Simultaneous Exchange of Preliminary Claim Construction (Patent L.R. 4-2) | April 23, 2008 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | May 19, 2008 |
| Claim Construction Discovery Cut-off (Patent L.R. 4-4) | June 18, 2008 |
| Plaintiffs serve Opening Claim Construction Brief (Patent L.R. 4-5(a)) | July 3, 2008 |

| | |
|---|---|
| Defendant serves Responsive Claim Construction Brief (Patent L.R. 4-5(b)) | July 17, 2008 |
| Plaintiffs serve Reply Claim Construction Brief (Patent L.R. 4-5(c)) | July 28, 2008 |
| Claim Construction Hearing (Patent L.R. 4-6) | Weeks of August 18 or August 25, 2008 |

The Parties propose that the remaining dates for the discovery schedule be triggered from the date the Court renders its Claim Construction ruling as set forth below.

| Event | Date |
|---|---|
| Plaintiffs serve Final Infringement Contentions (Patent L.R. 3-6(a)) | Not later than 30 days after claim construction ruling |
| Defendant serves Final Invalidity Contentions (Patent L.R. 3-6(b)) | Not later than 50 days after claim construction ruling |
| Defendant may serve Opinion of Counsel and Privilege Log (Patent L.R. 3-9) | Not later than 50 days after claim construction ruling |
| Close of Fact Discovery | 90 days after claim construction ruling |
| Opening Expert Reports | 110 days after claim construction ruling |
| Rebuttal Expert Reports | 140 days after claim construction ruling |
| Close of Expert Discovery | 165 days after claim construction ruling |
| Final Day to Submit Dispositive Motions | 190 days after claim construction ruling |
| Final Day for Hearing on Dispositive Motions | TBD |
| Pretrial Conference | 265 days after claim construction ruling |

Provided the Court issues a Claim Construction Ruling within three months of the Claim Construction Hearing, the Parties expect this case to be ready for trial the third quarter of 2009. However, the Parties suggest that pretrial conference and trial dates be set more definitely at a status conference following the Markman claim construction ruling.

### 18. TRIAL

This case will be tried to a jury. The Parties estimate a trial of about eight to ten trial days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed his Certification of Interested Entities or Persons concurrently with his filing of his Complaint for Patent Infringement on July 17, 2007, stating that there was no such interest to report. Defendant filed its Certification of Interested Entities or Persons concurrently with its filing of its Answer and Counterclaims to Plaintiff's Complaint for Patent Infringement on October 10, 2007, stating that there was no such interest to report.

### 20. OTHER MATTERS

The Parties do not have any additional issues to address with the Court at this time.

Respectfully submitted,

Dated: January 11, 2008

CARR & FERRELL LLP

By: /s/ Robert J. Yorio
ROBERT J. YORIO (SBN 93178)
ryorio@carrferrell.com
V. RANDALL GARD (SBN 151677)
rgard@carrferrell.com
CHRISTOPHER P. GREWE (SBN 245938)
cgrewe@carrferrell.com
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

*Attorneys for Plaintiff*
MARK L. MCHUGH

| | | |
|---|---|---|
| 1 | Dated: January 11, 2008 | LOEB & LOEB LLP |

By: _/s/ Laura A. Wytsma_
LAURA A. WYTSMA (SBN 103711)
lwytsma@loeb.com
ULESES C. HENDERSON, JR.
uhenderson@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, Ca 90067
Telephone:     (310) 282-2000
Facsimile:      (310) 282-2200

*Attorneys for Defendant and Counterclaimant*
HILLERICH & BRADSBY CO.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____

_____
HON. JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE