1  ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
2  V. RANDALL GARD (SBN 151677)
rgard@carrferrell.com
3  CHRISTOPHER P. GREWE (SBN 245938)
cgrewe@carrferrell.com
4  CARR & FERRELL LLP
2200 Geng Road
5  Palo Alto, California 94303
Telephone: (650) 812-3400
6  Facsimile: (650) 812-3444

7  *Attorneys for Plaintiff and Counter-Defendant*
8  MARK L. MCHUGH

9  LAURA A. WYTSMA (SBN 189527)
lwytsma@loeb.com
10  ULESES C. HENDERSON, JR. (SBN 225246)
uhenderson@loeb.com
11  LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
12  Los Angeles, California 90067
Telephone: (650) 282-2000
13  Facsimile: (650) 282-2200

14  *Attorneys for Defendant and Counter-Claimant*
15  HILLERICH & BRADSBY CO.

16              UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19

20  MARK L. MCHUGH, an individual,              **CASE NO. C 07-03677 JSW**

21              Plaintiff,                       **STIPULATION AND [PROPOSED]
                                                 PROTECTIVE ORDER**
22       v.
                                                 **Complaint Filed:    July 17, 2007**
23  HILLERICH & BRADSBY CO., a private          **Trial Date:         None Set**
    company,
24
25              Defendant.
26
27  AND RELATED COUNTERCLAIMS.

28

                                    1

1    1.    <u>PURPOSES AND LIMITATIONS</u>

2    Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public disclosure

4    and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly,

5    the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

6    Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures

7    or responses to discovery and that the protection it affords extends only to the limited information or

8    items that are entitled under the applicable legal principles to treatment as confidential.  The parties

9    further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no

10    entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

11    that must be followed and reflects the standards that will be applied when a party seeks permission

12    from the court to file material under seal.

13

14    2.    <u>DEFINITIONS</u>

15    2.1    <u>Party</u>: any party to this action, including all of its officers, directors,

16    employees, consultants, retained experts, and outside counsel (and their support staff).

17    2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

18    medium or manner generated, stored, or maintained (including, among other things, testimony,

19    transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery

20    in this matter including, but not limited to, any document (whether in hard copy or computer readable

21    form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or

22    production, or other information provided in discovery in this action.

23    2.3    <u>"Confidential" Information or Items</u>: any Disclosure or Discovery Material that

24    contains non-public, confidential, or proprietary information, whether personal or business-related.

25    Certain limited types of "Confidential" Information or Items may be further designated, as defined

26    and detailed below, as "Highly Confidential" Information or Items.

27    ///

28    ///

2

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: any Disclosure or Discovery Material identified in Section 2.3 that satisfies one or more of the following categories: (a) the content of any unpublished pending patent applications; (b) trade secrets (as defined in Cal. Civil Code § 3426.1) such as customer lists and proprietary product designs, know-how or proprietary data, confidential research, development, business, financial or commercial information (such as non-public sales information), the disclosure of which may cause harm to the competitive position of the Designating Party; or (c) information relating to unreleased products or products in development.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CASE NO. C 07-03677 JSW)

1    If it comes to a Party's or a non-party's attention that information or items that it

2 designated for protection do not qualify for protection at all, or do not qualify for the level of

3 protection initially asserted, that Party or non-party must promptly notify all other parties that it is

4 withdrawing the mistaken designation.

5    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

6 Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

7 material that qualifies for protection under this Order must be clearly so designated before the

8 material is disclosed or produced.

9    Designation in conformity with this Order requires:

10    (a) <u>for information in documentary form</u> (apart from transcripts of depositions

11 or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

12 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that

13 contains protected material. If only a portion or portions of the material on a page qualifies for

14 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

15 appropriate markings in the margins) and must specify, for each portion, the level of protection being

16 asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17 ONLY").

18    A Party or non-party that makes original documents or materials available for

19 inspection need not designate them for protection until after the inspecting Party has indicated which

20 material it would like copied and produced.  During the inspection and before the designation, all of

21 the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

22 ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

23 copied and produced, the Producing Party must determine which documents, or portions thereof,

24 qualify for protection under this Order, then, before producing the specified documents, the

25 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

26 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

27 Material.  If only a portion or portions of the material on a page qualifies for protection, the

28 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

1    markings in the margins) and must specify, for each portion, the level of protection being asserted

2    (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

3          (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

4    that the Party or non-party offering or sponsoring the testimony identify on the record, before the

5    close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

6    portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7    ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to

8    protection, and when it appears that substantial portions of the testimony may qualify for protection,

9    the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

10   the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

11   portions of the testimony as to which protection is sought and to specify the level of protection being

12   asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

13   Only those portions of the testimony that are appropriately designated for protection within the 20

14   days shall be covered by the provisions of this Stipulated Protective Order.

15         Transcript pages containing Protected Material must be separately bound by

16   the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

17   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

18   nonparty offering or sponsoring the witness or presenting the testimony.

19         (c) <u>for information produced in some form other than documentary, and for</u>

20   <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

21   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

22   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information

23   or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

24   portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

25   Eyes Only."

26   ///

27   ///

28   ///

1        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

2 designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

3 Only" does not, standing alone, waive the Designating Party's right to secure protection under this

4 Order for such material.  If material is appropriately designated as "Confidential" or "Highly

5 Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

6 on timely notification of the designation, must make reasonable efforts to assure that the material is

7 treated in accordance with the provisions of this Order.

8

9      6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

10        6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

11 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

12 economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

13 right to challenge a confidentiality designation by electing not to mount a challenge promptly after

14 the original designation is disclosed.

15        6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating

16 Party's confidentiality designation must do so in good faith and must begin the process by conferring

17 directly with counsel for the Designating Party. In conferring, the challenging Party must explain the

18 basis for its belief that the confidentiality designation was not proper and must give the Designating

19 Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

20 change in designation is offered, to explain the basis for the chosen designation. A challenging Party

21 may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

22 process first.

23        6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a

24 confidentiality designation after considering the justification offered by the Designating Party may

25 file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

26 applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

27 Each such motion must be accompanied by a competent declaration that affirms that the movant has

28 complied with the meet and confer requirements imposed in the preceding paragraph and that sets

1  forth with specificity the justification for the confidentiality designation that was given by the

2  Designating Party in the meet and confer dialogue.

3  The burden of persuasion in any such challenge proceeding shall be on the

4  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

5  material in question the level of protection to which it is entitled under the Producing Party's

6  designation.

7

8  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9  7.1    Basic Principles. A Receiving Party may use Protected Material that is

10  disclosed or produced by another Party or by a non-party in connection with this case only for

11  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

12  disclosed only to the categories of persons and under the conditions described in this Order. When the

13  litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

14  below (FINAL DISPOSITION).

15  Protected Material must be stored and maintained by a Receiving Party at a location

16  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

17  7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

18  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

19  any information or item designated CONFIDENTIAL only to:

20  (a) the Receiving Party's Outside Counsel of record in this action, as well as

21  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

22  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

23  hereto as Exhibit A;

24  (b) the officers, directors, and employees (including House Counsel) of the

25  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

26  the "Agreement to Be Bound by Protective Order" (Exhibit A);

27  ///

28  ///

8

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the Receiving Party's House Counsel, as well as employees of said House Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

///

9

1              (d) the Court and its personnel, but only in connection with this litigation;

2              (e) court reporters, their staffs, and professional vendors to whom disclosure is

3    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

4    Protective Order" (Exhibit A); and

5              (f) the author of the document or the original source of the information.

6

7        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

8    OTHER LITIGATION.

9        If a Receiving Party is served with a subpoena or an order issued in other litigation that would

10   compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify

12   the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than

13   three court days after receiving the subpoena or order.  Such notification must include a copy of the

14   subpoena or court order.

15       The Receiving Party also must immediately inform in writing the Party who caused the

16   subpoena or order to issue in the other litigation that some or all the material covered by the subpoena

17   or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of

18   this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or

19   order to issue.

20       The purpose of imposing these duties is to alert the interested parties to the existence of this

21   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

22   confidentiality interests in the court from which the subpoena or order issued. The

23   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

24   confidential material – and nothing in these provisions should be construed as authorizing or

25   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26   ///

27   ///

28   ///

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CASE NO. C 07-03677 JSW)

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.     FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts,

legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

      12.    <u>MISCELLANEOUS</u>.

      12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      12.2    <u>Execution of Stipulation</u>. Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, it will be treated as though it has been "So Ordered."

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CASE NO. C 07-03677 JSW)

1               12.3    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

2    Order no Party waives any right it otherwise would have to object to disclosing or producing any

3    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

4    Party waives any right to object on any ground to use in evidence of any of the material covered by

5    this Protective Order.

6

7    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

8

9    Dated: February 29, 2008                CARR & FERRELL LLP

10

11                                      By: _/s/ Christopher P. Grewe_____

12                                          ROBERT J. YORIO
                                      V. RANDALL GARD

13                                          CHRISTOPHER P. GREWE

14                                      *Attorneys for Plaintiff and Counter-Defendant*
                                  MARK L. MCHUGH

15

16    Dated: February 29, 2008                LOEB & LOEB LLP

17

18                                        By: _/s/ Uleses C. Henderson, Jr.____

19                                          LAURA A. WYTSMA
                                    ULESES C. HENDERSON, JR.

20                                      *Attorneys for Defendant and Counter-Claimant*

21                                      HILLERICH & BRADSBY CO.

22

23

24    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

25

26    Dated: _March 3, 2008_____      By _____

27                                    United States District Judge

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CASE NO. C 07-03677 JSW)

1

### <u>GENERAL ORDER 45: ATTESTATION OF SIGNATURES</u>

2          Pursuant to General Order No. 45, section X(B) regarding signatures, I attest under penalty of

3 perjury that the concurrence in the filing of this document has been obtained from its signatories.

4

5 Dated: February 29, 2008              By: _/s/ Christopher P. Grewe_____

6                                           CHRISTOPHER P. GREWE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(CASE NO. C 07-03677 JSW)

1

**EXHIBIT A**

1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

4

5

6

7

8

9

10

11

12

MARK L. MCHUGH, an individual,

            Plaintiff,

      v.

HILLERICH & BRADSBY CO., a private company,

            Defendant.

AND RELATED COUNTERCLAIMS.

**CASE NO. C 07-03677 JSW**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    I, _____, declare under the penalty of perjury, that:

    (a)     My present employer is _____ and the address of my present employer is _____ _____;

    (b)     My present occupation or job description is _____;

    (c)     I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under the Order of the Court, to hold in confidence and not to disclose the contents of anything marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," except as permitted under the terms of this Protective Order. I will use the Confidential Information and Highly Confidential Information solely for purposes relating to the above-captioned litigation. I will never use said information, directly or indirectly, in competition with the disclosing party nor will I permit others to

EXHIBIT A TO STIPULATION AND [PROPOSED] PROTECTIVE ORDER: ACK AND AGMT TO BE BOUND (CASE NO. C 07-03677 JSW)

do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(d)     At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential or Highly Confidential Information, which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(e)     I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

(f)     I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                              [printed name]

Signature: _____
                              [signature]

17