IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK L. MCHUGH,

    Plaintiff,

    v.

HILLERICH & BRADSBY CO.,

    Defendant.

No. C 07-03677 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 11, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively DENIES** Plaintiff's motion for summary judgment and **GRANTS IN PART AND DENIES IN PART** Defendant's cross-motion for summary judgment.

The parties shall each have 25 minutes to address the following questions:

1. What was the reason Plaintiff filed a provisional application claiming a glove with "one or more finger base pads" located "in the area of the A2 pulley" in 2005? What is the status of Plaintiff's two later-filed applications? Are these filings legally relevant?

2. What is the status of the dispute over the "resilient" limitation? Does Plaintiff essentially request discovery sanctions in forbidding Defendant to raise the issue in its opposition to the summary judgment motion? If so, on what authority does Plaintiff make this request?

3. Plaintiff argues that the Defendant's Bionic Gloves have pads centered over the A2 pulley region which means they are "located at the proximal digital crease, particularly in the flexed position for which Bionic Gloves were designed." (Plaintiff's Reply/Opp. Br. at 6.) Is that anatomically possible? Should the Court analyze the design of the gloves only in the flexed position? Is Plaintiff's contention in direct contravention of this Court's explanation for rejecting Plaintiff's proffered construction of "base of the user's fingers" in its claim construction order at 11:13-19?

4. Has Plaintiff proffered any evidence that Bionic pads are "designed to fill the gap ... formed by an interaction of the fingers and palm ... and prevent the ligament and associated muscle and skin tissue from being forced over the fingers"? If so, where specifically in the record is such evidence located?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 9, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE